AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

FILED

United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

A wall safe located in the Clear & Clear Law Firm, 7112
Aztec Rd. NE, ABQ, NM

) ) ) ) ) ) )

Case No.    24-MR-109

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A, which is incorporated by reference.

located in the _____ District of _____New Mexico_____ , there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B, which is incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1951, 1952, 371; 666; 1343; 1346; 2 | Hobbs Act extortion under color of official right; Travel Act interstate travel or transportation in aid of racketeering enterprises; conspiracy; bribery; wire fraud; honest services wire fraud; and aiding and abetting. |

The application is based on these facts:
The affidavit of Special Agent Stacey Stout is incorporated herein by reference.
The Court specifically notes that Paragraph 6 explicitly incorporates the facts set forth in the Affidavit for

☑ Continued on the attached sheet.    the search of the premises where the safe is located. KBM

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

FBI SA Stacey Stout
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephonically sworn and electronically signed    *(specify reliable electronic means).*

Date:    01/18/2024

_____
*Judge's signature*

City and state:    Albuquerque, NM

Honorable Karen B. Molzen, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**AFFIDAVIT IN SUPPORT OF APPLICATION**

I, Stacey Stout, Special Agent of the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state that:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a wall safe located in the wall at Clear & Clear PA law firm located at 7112 Aztec Rd NE, Albuquerque, NM 87110, as further described in Attachment A, for the things more fully described in Attachment B.

2. I have been a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, since September 2019. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request arrest warrants. I am currently assigned to the FBI's Albuquerque Field Office in which I am authorized to investigate crimes.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

## RELEVANT STATUTES

4.      This investigation concerns alleged violations of certain activities relating to the following federal crimes (the "TARGET OFFENSES"), or aiding and abetting such crimes:

a.  18 U.S.C. § 1951 (Hobbs Act extortion under color of official right);

b.  18 U.S.C. § 1952 (Travel Act interstate travel or transportation in aid of racketeering enterprises);

c.  18 U.S.C. § 371 (conspiracy);

d.  18 U.S.C. § 666 (bribery);

e.  18 U.S.C. § 1343 (wire fraud); and

f.  18 U.S.C. §§ 1343, 1346 (honest services wire fraud).

5.      There is also probable cause to search the locations described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

## FACTS ESTABLISHING PROBABLE CAUSE

6.      This affidavit fully incorporates by reference all of the facts contained in the affidavit submitted in support of the search warrant to search the Clear & Clear law firm (the Law Firm), located at 7112 Aztec Rd NE, Albuquerque, NM 87110 (24-MR-80).

7.      On January 16, 2024, United States Magistrate Judge Karen B. Molzen approved a federal search warrant to search the Law Firm pursuant to the warrant referenced above. On January 18, 2024, agents executed the warrant at the Law Firm. As more fully explained in the affidavit to the Law Firm search warrant, the Law Firm is located in a residential neighborhood in a residence that has been converted to Thomas CLEAR's law office, at which Ricardo MENDEZ works. During the course of the search, agents located a wall safe in one of the rooms at the Law

Firm. The wall safe is located in a bedroom on the second floor of the Law Firm on the far east side of the residence. The bedroom has a bed and some clothes it in, but the room itself (and the premises) does not appear to have anyone living in it.

8.    Based on my training and experience, and the training and experience of other agents who work on white collar investigations, individuals who participate in a scheme to obtain payments in exchange for an officer refraining from filing charges or from appearing for interviews or court settings routinely conceal evidence of the criminal scheme, as described in Attachment B, in safes and other locked containers inside their businesses. It is also common for individuals involved in soliciting unlawful payments as part of a criminal scheme to keep the proceeds, including the cash payments made in furtherance of the scheme, in a locked and secured location in the business. Moreover, based on my training and experience, and the experience of other agents, it is common for individuals who engage in an schemes that involve the fraudulent and criminal solicitation and receipt of payments to attempt to conceal the ill-gotten gains from this scheme through the purchase of goods – including vehicles, clothing, jewelry, travel, or other things of value, and that those goods are often maintained in safes and other locked containers. Moreover, based on my training and experience, and the training and experience of others, it is common for persons engaged in a criminal scheme who use physical evidence to accomplish the scheme (such as the presentment and retention of driver's licenses) to secure that evidence in a locked safe in the business.

9.    There is therefore probable cause to believe that the safe more fully described in Attachment A, will contain evidence of the TARGET OFFENSES, as more fully described in Attachment B.

## CONCLUSION

10.   I submit that this affidavit supports probable cause for a warrant to search the

PREMISES described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

Stacey Stout
Special Agent
Federal Bureau of Investigation


Subscribed and sworn telephonically and signed electronically on January 18, 2024

KAREN B. MOLZEN
UNITED STATES MAGISTRATE JUDGE

4

ATTACHMENT A

*Property to Be Searched*

The property to be searched is wall safe located inside a bedroom on the second floor of the Clear and Clear PA law firm, located at 7112 Aztec Road NE, Albuquerque, New Mexico, 87110. A photograph of the wall safe is below:



*KBM*

**ATTACHMENT B**

*Property to be seized*

1.      All records relating to violations of 18 U.S.C. § 1951 (Hobbs Act extortion under color of official right); 18 U.S.C. § 1952 (Travel Act interstate travel or transportation in aid of racketeering enterprises); 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 666 (bribery); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. §§ 1343, 1346 (honest services wire fraud); and 18 U.S.C. § 2 (aiding and abetting), those violations involving a scheme to obtain payments in exchange for an officer refraining from filing charges or from appearing for interviews or court settings, and involving Thomas CLEAR, Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Harvey JOHNSON, and/or Nelson ORTIZ, since May 1, 2009, including:

a.      Driver's licenses (other than those belonging to Ricardo MENDEZ, Thomas CLEAR, or other persons at the SUBJECT PREMISES at the time of the search);

b.      Records reflecting how payments were tracked for DWI offenders who were targeted under this scheme;

c.      All records related to payments to Thomas CLEAR, Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Harvey JOHNSON, Nelson ORTIZ, or other officers involved in this scheme;

d.      Records and information related to the following alleged DWI offenders:



1

*KBM*



2

KBM



3

KBM



e.      Evidence related to the purchase of goods – including vehicles, clothing, jewelry, travel, or other things of value – with criminal proceeds;

f.      Bulk cash, currency, or other financial instruments above $1,000 in value that constitute proceeds of or are intended to facilitate the scheme described above;

g.      Messages, notes, correspondence, and/or communications between co-conspirators;

h.      Records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks received, passbooks, bank checks, safe deposit box keys, vault keys and other items evidencing the obtaining, secreting, and/or concealment, and/or expenditures of money;

i.      Photographs or videos of Thomas CLEAR, Ricardo MENDEZ, Honorio ALBA, Joshua MONTANO, Nelson ORTIZ, Harvey JOHNSON, their co-conspirators, and the property and assets purchased with proceeds of the criminal scheme;

j.      Any and all wireless telephones, digital media, and storage media that reasonably appear to contain some or all of the records, information.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"), in addition to the material described above:

4

*KBM*

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

5

KBM

  j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

  k. records of or information about Internet Protocol addresses used by the COMPUTER;

  l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

  m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

*KBM*

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

The review of all evidence seized as a result of this warrant with be subject to the filter protocols set forth in the affidavit.

Type text here

KBM